IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| FLOYD SLOAN, #113904, | ) | |
| Petitioner, | ) | |
| v. | ) | CASE NO. 2:26-cv-00102-BL-CWB |
| STATE OF ALABAMA, | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

Floyd Sloan, a state pretrial detainee proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Doc. 1). Sloan argues that (1) the State lacked probable cause for his arrest; (2) the State lacks physical evidence proving the charges against him; (3) the State lost critical evidence against him; and (4) during an evidentiary hearing in October of 2024, the prosecutor "show[ed] up with nothing to present except excuses and [a] misleading statement" that a victim's statement alone is sufficient for a rape conviction, which Sloan believes is an "obstruction of justice." (*Id*. at 8–9). As relief, he seeks dismissal of the charges against him as well as immediate release. (*Id*. at 10). For the reasons explained below, the § 2241 Petition will be **DENIED** without an evidentiary hearing as premature.

The general habeas statute dictates that a prisoner is entitled to habeas relief if "[h]e is in custody in violation of the Constitution or laws … of the United States." 28 U.S.C. § 2241(c)(3). In limited circumstances, the federal habeas statute allows the granting of habeas corpus relief to state pretrial detainees—if applicable state pretrial remedies have first been exhausted—to enforce rights related to criminal proceedings that cannot adequately be addressed during the regular trial, appeal, and post-conviction review process. *See Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 488–90 (1973). Otherwise, absent extraordinary circumstances, challenges to a state criminal prosecution must be exhausted through the regular pretrial, trial, appeal, and post-conviction process. *See Jones v. Perkins*, 245 U.S. 390, 391 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial.").[1]

---

[1] *See also, e.g., Garcon v. Palm Beach Cnty. Sheriff's Off.*, 291 F. App'x 225, 226 (11th Cir. 2008) (concluding that district court properly dismissed § 2241 claims that indictment was invalid, counsel was ineffective, and the arrest warrant was not supported by probable cause and that such claims were premature and "are properly brought during [the] criminal case and subsequent direct appeal"); *Garey v. Fed. Det. Ctr., Miami*, 180 F. App'x 118, 120–21 (11th Cir. 2006) (affirming district court's dismissal of claims in federal pretrial detainee's § 2241 petition, including claims of obtaining a warrant against him in violation of constitutional requirements, because such claims "were not properly brought pursuant to [2]8 U.S.C. § 2241, but should have been raised in his pending criminal case"); *Brown v. Estelle*, 530 F.2d 1280, 1282–83 (5th Cir. 1976) (stating that, generally, a pretrial petitioner who seeks relief based on an affirmative defense to a state criminal charge must exhaust state remedies by allowing the case to go to trial and through the state appellate process); *Tooten v. Shevin*, 493 F.2d 173, 175–77 (5th Cir. 1974) (stating that federal habeas corpus should not be used as a pretrial motion forum and holding that constitutional challenge to statute could be adequately addressed during regular trial and appeal process).

In this case, Sloan has neither exhausted the regular pretrial, trial, appeal, and post-conviction process, nor has he alleged any extraordinary circumstances that would allow for federal habeas review in this instance. Accordingly, because Sloan's claims can be adequately addressed during the regular trial and appeal process, it is **ORDERED** that the instant Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (doc. 1) is **DENIED** without an evidentiary hearing as premature.

Final Judgment will be entered separately.

**DONE** and **ORDERED** on this the 22nd day of October, 2026.

**BILL LEWIS**
UNITED STATES DISTRICT JUDGE